IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>DARIO CALDERON,<br><br>Defendant. | MEMORANDUM DECISION AND ORDER DENYING DEFENDANT'S RULE 35 MOTION<br><br><br><br>Case No. 2:11-CR-548 TS |

This matter is before the Court on Defendant's Motion, pursuant to Fed.R.Crim.P. 35, requesting credit for time he spent in detention prior to sentencing.

The determination of sentence credit is left to the Bureau of Prisons ("BOP").[1] In making this determination, the BOP looks to 18 U.S.C. § 3585(b), which provides that "[a] defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences . . . that has not been credited against

---

[1] *United States v. Wilson*, 503 U.S. 329, 335 (1992) ("After a district court sentences a federal offender, the Attorney General, through the BOP, has the responsibility for administering the sentence.").

another sentence."[2]  It is unclear whether the BOP has made any determination regarding sentence credit.  Therefore, any objection Defendant may have to that determination appears premature.  Further, Defendant must first exhaust all of his administrative remedies with the BOP before he seeks judicial intervention regarding the calculation of credit for time served on his sentence.  Once he has done so, if he is not satisfied with the BOP's resolution of his request for sentence credit, he may raise the issue by filing a petition under 28 U.S.C. § 2241.  Such petition must be filed in the judicial district where Defendant is held in custody at the time such a Petition is filed.

It is therefore

ORDERED that Defendant's Rule 35 Motion (Docket No. 23) is DENIED.

DATED   November 2, 2011.

BY THE COURT:

_____
TED STEWART
United States District Judge

---

[2] 18 U.S.C. § 3585(b).